UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONNIE STEELMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:12CV292 CDP |
| | ) |
| SRI REAL ESTATE | ) |
| PROPERTIES, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Connie Steelman filed this case alleging violations of the Americans with Disabilities Act (ADA).  The remaining defendant in this case – Sonic Drive In of Rolla, Missouri, LLC – moves to dismiss plaintiff's amended complaint for her failure to prosecute and to comply with court orders.  Because I find that Steelman has engaged in a consistent pattern of delay and has deliberately failed to comply with court orders, I will grant defendant's motion to dismiss.

## Background

Steelman previously filed a motion asking that she not be required to appear for a deposition within the Eastern District of Missouri.  She cited inclement weather and her disability as the reasons for her inability to attend a deposition here, but she did not indicate when she would be able to attend a deposition.  I denied plaintiff's motion as moot because defendant had not actually noticed

plaintiff's deposition, but I warned her that she would be required to appear for a deposition in this district because she voluntarily chose to file suit here.

Defendant properly noticed plaintiff's deposition for January 23, 2013, and plaintiff refused to attend. Defendant then filed its first motion to dismiss the complaint. In her response, plaintiff again failed to provide any alternative dates or to cooperate in scheduling her deposition at a mutually agreeable time. In my order dated February 14, 2013, I gave plaintiff one additional opportunity to attend a deposition in this district no later than March 15, 2013, or else risk dismissal of her complaint and have costs and attorneys' fees assessed against her.

On February 19, 2013, in compliance with my order, Defendant noticed plaintiff's deposition for March 12, 2013 in St. Louis. On February 26, 2013, plaintiff filed a pro se motion with the court, again seeking to not have to attend a deposition in this district. Defendant responded to that motion and renewed its motion to dismiss on the basis of plaintiff's failure to comply with this court's orders and failure to prosecute her case. Plaintiff has not responded to that renewed motion and her time for doing so has passed.

## Discussion

District courts have inherent power to dismiss a case for failure to prosecute. *Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995). Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with

. . . a court order, a defendant may move to dismiss the action or any claim against it." The Eighth Circuit has found that "[a]n action may be dismissed pursuant to Rule 41(b) if a plaintiff has failed to comply with any order of the court." *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). "Dismissals with prejudice are drastic and extremely harsh sanctions. Cases should be dismissed with prejudice only where the plaintiff has intentionally delayed the action or where the plaintiff has consistently and willfully failed to prosecute his [or her] claim." *Miller*, 51 F.3d at 168 (internal quotation marks and citation omitted). In order for a court to dismiss a plaintiff's claims for failure to prosecute, the court "need only find that a litigant acted deliberately rather than accidentally, and need not find bad faith." *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997). Specifically, regarding a party's failure to attend a deposition, Federal Rule of Civil Procedure 37(d)(1)(A)(i) provides that the court may order sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition . . . ."

Here, dismissal is warranted based upon plaintiff's consistent and willful failure to comply with this court's orders and the discovery process. In direct contravention of my orders dated January 4, 2013 and February 14, 2013, plaintiff has refused to appear in this district for her properly noticed deposition. Plaintiff voluntarily chose to file suit here, and in doing so, she obligated herself to appear for deposition here. Additionally, she was given the opportunity to participate in

the scheduling of case management deadlines, and when the original and amended case management orders were issued, she did not argue that she could not attend a deposition within the dates set forth in the court orders.  Further, she has never provided any alternative dates or attempted to cooperate in the scheduling of her deposition.

Furthermore, plaintiff's lack of cooperation and failure to prosecute is not limited to this deposition.  Throughout the course of this litigation, defendant has cited numerous instances in which plaintiff failed to respond to defendant's attempts to communicate with her, starting as early as her failure to participate in the creation of the joint scheduling plan.  Defendant also alleges multiple instances in which plaintiff has obstructed discovery requests or provided wholly deficient responses.  Based on this persistent pattern of delay and failure to comply with this court's orders and with her discovery obligations, I find that dismissal of plaintiff's claims with prejudice is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#55] is granted.  Plaintiff's claims are dismissed with prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion regarding being present for deposition [#54] is denied.

If defendant wishes to recover its costs and attorney's fees as requested in its motion to dismiss, it must file an appropriate motion in accordance with the deadlines set forth by the Federal Rules of Civil Procedure and the Local Rules.

                                            */s/ Catherine D. Perry*
                                            CATHERINE D. PERRY
                                            UNITED STATES DISTRICT JUDGE

Dated this 14th day of March, 2013.